Roger Wiley (OK Bar No. 11568)
**ROSETTE, LLP**
P.O. Box 1667
McAlester, OK 74502
Tel: (480) 242-4570
Fax: (480) 889-8997
Email: rwiley@rosettelaw.com

*Attorney for Plaintiff*
*THE OSAGE NATION*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. **THE OSAGE NATION** acting through the **OSAGE MINERALS COUNCIL,**

     Plaintiff,

     vs.

1. **WIND CAPITAL GROUP, LLC,** a Delaware limited liability company;
2. **OSAGE WIND, LLC**, a Delaware limited liability company; and
3. **WC INVESTMENT MANAGEMENT, LLC**, fka **WIND CAPITAL INVESTMENT MANAGEMENT, LLC**, aka/fka **WIND CAPITAL INVESTMENT GROUP, LLC**, a Missouri limited liability company,

     Defendants.

Case No. 11-CV-643-GKF-PJC

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Osage Nation, acting through the Osage Minerals Council, for its claims and causes of action against the Wind Capital Group, LLC, Osage Wind, LLC and Wind Capital Investment Management, LLC, alleges and states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff the Osage Nation is a federally-recognized Indian tribe located in north central Oklahoma, with its principal place of business located in Osage County, Oklahoma.  The Osage Nation has approximately 15,600 members.  The government of the Osage Nation is obligated to ensure the preservation of the oil, gas, coal and/or other minerals within the boundaries of the Osage Reservation as well as to protect the rights of its tribal members to income derived from these minerals (the "Minerals Obligations").  To that end, the Osage Nation is acting through the Osage Minerals Council, a minerals management agency created under Article XV, section 4 of the Constitution of the Osage Nation to discharge the Minerals Obligations, including those related and necessary to mineral estate lessees.  The Osage Nation, together with the Osage Minerals Council, will hereinafter be referred to collectively as the "Osage Nation" or "Plaintiff."

2.      Defendant Wind Capital Group ("WCG") is a limited liability company organized under the laws of Delaware.  WCG maintains its principal place of business in St. Louis, Missouri with additional offices located in Chicago, Illinois and Madison, Wisconsin.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

3.     Defendant Osage Wind, LLC ("Osage Wind") is a limited liability company organized under the laws of Delaware.  Upon information and belief, Osage Wind is the owner and developer of the Osage County Wind Project, as described more fully below, and is also owned and/or controlled by one or more of the other defendants named herein.

4.     Defendant WC Investment Management, LLC ("WCIM") is a limited liability company organized under the laws of Missouri.  Upon information and belief, WCIM was formed in Missouri in 2005 under the name Wind Capital Group, LLC. Subsequently through filings with the Missouri Secretary of State's Office, Wind Capital Group, LLC changed its name to Wind Capital Investment Management, LLC, and finally to WC Investment Management, LLC.  Also upon information and belief, WCIM continues to be known as or referred to as Wind Capital Group, LLC.

5.     At all relevant times hereto, WCG and WCIM have shared one or more members and/or organizers, including Thomas S. Carnahan.  It is unknown to Plaintiff at this time whether WCG and/or WCIM share one or more members and/or organizers with Osage Wind.  WCG, together with WCIM and Osage Wind, will be collectively referred to as the "Defendants," and are responsible for the unlawful acts described in this Complaint.

6.     This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1362, and 28 U.S.C. § 1367(a).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    7.    Osage Nation's request for declaratory and injunctive relief is authorized

2  by 28 U.S.C. §§ 2201, 2202.

3    8.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a

4  substantial part of the events giving rise to this action occurred in this federal judicial

5  district and the real property that is the subject of this dispute is located in this federal

6  judicial district.

7  ## FACTUAL BACKGROUND

8    9.    Osage Nation repeats and re-alleges each of the foregoing allegations in

9  this Complaint as though fully set forth herein.

10    10.    Osage Nation and its citizens are the beneficial owners of a mineral estate

11  comprised of 100% of the minerals located in and under Osage County, Oklahoma.

12    11.    As the owner of all the minerals located in and under Osage County,

13  Oklahoma, Osage Nation has the right to explore, develop, remove, operate, and

14  transport the minerals within the Osage Nation mineral estate.

15    12.    The revenues generated from the Osage Nation mineral estate are allocated

16  to the State, County, and members of the Nation.

17    13.    The revenues generated from the Osage Nation mineral estate that are

18  distributed to members of the Nation provide essential income for Osage citizens who

19  share in the mineral revenue distributions, comprising the sole source of income for

20  some citizens of the Osage Nation.

21

22

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

14.     Several million dollars in annual revenues generated from the Osage Nation mineral estate are paid to the Osage County and State of Oklahoma for roads and schools.

15.     Osage Nation has entered into lease agreements with certain energy companies for the purpose of exploring and developing the Osage Nation mineral estate and in accordance with 25 C.F.R. § 226.19, the Osage Nation acting through the Osage Minerals Council has certain Minerals Obligations and as such has the right to use so much of the surface estate as may be reasonable for the exploration, development, removal, operation, transportation, and marketing of the mineral estate.

16.     The Defendants are proposing to construct, and have already taken significant and affirmative steps toward constructing, a massive industrial network of wind turbines, high voltage underground electric transmission lines, met towers, a substation, roads, and storage yards (hereinafter referred to as "Osage County Wind Project") over and upon the Osage Nation mineral estate.

17.     The Defendants' Osage County Wind Project will place 94 wind turbines, each approximately 400 feet in height, over and upon the surface above the Osage Nation mineral estate.  Each of the 94 wind turbines will require extensive digging to construct deep pits containing concrete foundations similar to those required in the construction of tall buildings.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

5

18.     The Defendants' Osage County Wind Project will place two separate "met towers," each approximately 200 feet in height, over and upon the surface above the Osage Nation mineral estate.

19.     As part of Defendants' Osage County Wind Project, an extensive network of high voltage electric underground transmission lines, a substation, storage yards, outbuildings, and roads over and upon the surface above the Osage Nation mineral estate will be constructed.

20.     The Defendants' Osage County Wind Project will implement and mobilize a large work force requiring the use of numerous pieces of heavy equipment including cranes, scrapers, road graders, backhoes, and tractor trailers as well as other heavy equipment over and upon the surface above the Osage Nation mineral estate.

21.     Osage Nation is in the process of exploring and developing Osage Nation's mineral estate in the area where the Defendants propose to construct their Osage County Wind Project.

22.     During the process of exploring and developing its mineral estate, Osage Nation has discovered marketable amounts of oil and natural gas within the Osage Nation mineral estate.  Developing and marketing the natural gas will require the construction of flow lines and transmission lines within the Osage Nation mineral estate. The Defendants' construction and operation of the Osage County Wind Project will illegally interfere with the construction, operation and maintenance of the flow lines and transmission lines to the detriment of the Osage mineral estate and Osage Nation.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

23.     The Defendants' Osage County Wind Project will interfere with Osage Nation's rights to the surface necessary for the exploration, development, removal, operation, transportation, and marketing of the Osage Nation mineral estate.

### FIRST CLAIM FOR RELIEF

**OSAGE NATION REQUESTS THIS COURT TO DECLARE THAT THE OSAGE COUNTY WIND PROJECT VIOLATES FEDERAL LAW, GUARANTEEING OSAGE NATION'S ACCESS TO THE MINERAL ESTATE AND ISSUE A PRELIMINARY AND PERMANENT INJUNCTION ENJOINING THE DEFENDANTS FROM COMMENCING THE OSAGE COUNTY WIND PROJECT**
**(28 U.S.C. §§ 2201, 2202)**

24.     Osage Nation repeats and re-alleges each of the foregoing allegations in this Complaint as though fully set forth herein.

25.     An actual controversy exists between Osage Nation and the Defendants in that the Defendants plan to construct a massive industrial wind farm on the surface above Osage Nation's mineral estate in violation of federal law.

26.     Federal regulations governing the leasing of Osage Nation's mineral estate guarantee the right to use so much of the surface above the mineral estate as may be reasonable for operations and marketing.  *See* 25 C.F.R. § 226.19.

27.     The Defendants' Osage County Wind Project will interfere with the right of surface access, which will in turn cause serious and immediate harm to the Osage Nation, including cancelled leases, inability to attract future lessees, and the inability to benefit fully from the mineral estate through the use of new technologies.

28.   Absent judicial intervention, Osage Nation will suffer imminent, permanent, and irreparable harm for which there is no adequate remedy at law.

29.   This Court may grant and Osage Nation is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202.

30.   Because the construction of a massive industrial wind farm on the land above Osage Nation's mineral estate will interfere with access to the mineral estate, this Court should declare that the Osage County Wind Project on the surface above Osage Nation's mineral estate violates federal law.

31.   If the Defendants are permitted to construct and operate the Osage County Wind Project on the land above Osage Nation's mineral estate, Osage Nation will suffer great harm.   In order to prevent irreparable injury, this Court should issue both preliminary and permanent injunctions prohibiting the Defendants from moving forward with the Osage County Wind Project.

## SECOND CLAIM FOR RELIEF

**OSAGE NATION REQUESTS THIS COURT TO ISSUE INJUNCTIVE RELIEF AGAINST DEFENDANTS' OSAGE COUNTY WIND PROJECT AS IT ILLEGALLY INTERFERES WITH OSAGE NATION'S RIGHT TO DEVELOP AND OPERATE ITS MINERAL ESTATE**

32.   Osage Nation repeats and re-alleges each of the foregoing allegations in this Complaint as though fully set forth herein.

33.   The right to enter land to explore for and develop minerals is an ownership right.  Under Oklahoma law, the surface estate is servient to the dominant mineral estate

for the purpose of oil and gas development.  *DuLaney v. Okla. State Dep't of Health,* 868 P.2d 676, 680 (Okla. 1993).

34.     Recent advances in technology have led to the discovery of previously undetected marketable amounts of oil and natural gas within the Osage Nation mineral estate.  Access to the surface above the mineral estate is vital to Osage Nation's ability to develop and market the newly discovered oil and natural gas.

35.     Developing and marketing the natural gas will require the construction of flow lines and transmission lines within the Osage Nation mineral estate.

36.     The Defendants' Osage County Wind Project is located on the land by which the mineral estate is accessed.

37.     The construction and placement of 94 wind turbines, met towers, high voltage electric underground transmission lines, power substations, storage yards, outbuildings, and roads will significantly interfere with Osage Nation's, the dominant estate holders', right of access.

38.     The Defendants' construction and operation of the Osage County Wind Project will illegally interfere with the construction, operation and maintenance of the flow lines and transmission lines to the detriment of the Osage mineral estate and Osage Nation.

39.     The construction and operation of the Defendants' Osage County Wind Project will cause Osage Nation to suffer significant money damages in an amount so substantial that Osage Nation's damages would far exceed any amount that the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants would be capable of paying in a suit for money damages and Osage Nation is therefore without an adequate remedy at law.

40.    Osage Nation is and will continue to be irreparably harmed if the Defendants are allowed to begin construction and interfere with Osage Nation's rights associated with developing its mineral estate.

41.    Accordingly, Osage Nation requests entry of injunctive relief maintaining the status quo as to Osage Nation's right to continue the exploration and development of its mineral estate without interference from the Defendants.

WHEREFORE, Plaintiff Osage Nation requests judgment for declaratory and injunctive relief in its favor as follows:

A.    A judgment declaring that the Osage County Wind Project violates 25 C.F.R. § 226.19, guaranteeing Osage Nation access to the mineral estate;

B.    Directing that the Defendants not proceed with the Osage County Wind Project due to the unreasonable interference with Osage Nation's right to develop and operate its mineral estate;

C.    Enjoining the Defendants from taking any actions designed to construct or operate the Osage County Wind Project or engage in any surface activities that interfere with Osage Nation's dominant mineral rights;

D.    Declaring that the construction and operation of the Defendants' Osage County Wind Project on the land above Osage Nation's mineral estate will interfere with

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Osage Nation's access to the mineral estate and that the Osage County Wind Project violates federal law;

E.     Awarding Osage Nation its reasonable attorney fees and costs; and

F.     Awarding all other relief as this Court deems just and equitable.

Respectfully Submitted,

ROSETTE, LLP


By /s/ Roger Wiley_____
     Roger Wiley (OK Bar No. 11568)
     14 Crooked Oak Lane
     McAlester, OK 74501
     (480) 242-4570
     (480) 889-8997
     rwiley@rosettelaw.com

     *Attorney for Plaintiff*
     *THE OSAGE NATION*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF