**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) THE OSAGE NATION, acting through the OSAGE MINERALS COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-643-GKF-PJC |
| 1) WIND  CAPITAL GROUP, LLC, a Delaware limited liability company; 2) OSAGE WIND, LLC, a Delaware limited liability company; and 3) WC INVESTMENT MANAGEMENT, LLC, fka WIND CAPITAL INVESTMENT MANAGEMENT, LLC, aka/fka WIND CAPITAL INVESTMENT GROUP, LLC, a Missouri limited liability company, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on the defendants' motion, filed pursuant to Fed. R. Civ. P. 65(a)(2), to Advance Trial and Consolidate Preliminary Injunction Hearing with Trial on the Merits (Dkt. #11).

Rule 65 of the Federal Rules of Civil Procedure authorizes consolidation of the hearing on a motion for preliminary injunction with the trial on the merits:  "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."  The 1966 Advisory Committee Note to Rule 65(a) states that:

> The authority [to consolidate] can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be

> presented in such form as to qualify for admission on the trial proper.

Consolidation is warranted, for example, 1) when the relief demanded by the complaint is the identical relief requested by the application for a preliminary injunction; 2) where the factual issues raised by the complaint are not only few and simple but identical with those which would be presented upon the trial; and 3) where consolidation would save the court and the parties a duplicative second trial without prejudicing the rights of the parties.  *City of Rye, New York v. Schuler*, 355 F.Supp. 17, 19-20 (S.D.N.Y. 1973).

In its Complaint for Declaratory and Injunctive Relief, the plaintiff seeks both preliminary and permanent injunctions prohibiting the defendants from moving forward with the Osage County Wind Project.  Plaintiff also requests declaratory relief that the Project violates 25 C.F.R. § 226.19, a federal regulation which provides that a lessee or the mineral estate shall have the right to use so much of the surface of the land within the Osage Mineral Estate as may be reasonable for operations and marketing.  The federal regulation is a key component of plaintiff's request for injunctive relief.  Thus, the claim for declaratory relief presents an issue which must be decided in connection with the claim for injunctive relief, and the relief demanded by the complaint is essentially identical with the relief requested in the application for preliminary injunction.

It also appears that the factual issues raised by the complaint are relatively few, straightforward, and identical with those which would be presented at a later trial.  In its First Claim for relief, plaintiff contends that the construction and operation of the Osage County Wind Project will interfere with access to the mineral estate in violation of federal law.  In its Second Claim for relief, plaintiff contends that construction and operation of the Osage County Wind Project will interfere with the development and marketing of oil and natural gas to the detriment

of the Osage mineral estate and in violation of the rights of the dominant mineral estate under Oklahoma law.

Although it is clear that consolidation of the request for preliminary injunction and the trial would save this court and the parties from a second trial on the same issues, the parties dispute whether consolidation would prejudice the rights of the plaintiff.  Plaintiff argues that the trial on the merits should not be consolidated with the preliminary injunction hearing because there is insufficient time for discovery.  The parties began discovery on October 31, 2011, when they exchanged requests for production.  The court set a discovery cutoff of December 9, 2011, but gave the parties permission to conduct discovery by agreement up until the hearing on December 14, 2011.  The parties thus have 40 days of discovery until the December 9 deadline, and would have an additional 4 days of agreed-to discovery prior to trial.  Plaintiff has not persuaded this court that the discovery necessary for trial cannot be completed in that time, that plaintiff's experts cannot adequately review the project engineering layout and design in that time, and that it would not be feasible to try this matter beginning on December 14, 2011.  Plaintiff would not be required "to forego discovery" as was the case in *Pughsley v. 3750 Lake Shore Drive Co-op Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972), which plaintiff cites in opposition.

The Osage Nation contends it needs additional time to prepare for a trial on a potential Endangered Species Act claim.  Such a claim cannot be brought until 60 days after sending a mandatory notice of the claim to the relevant government authorities.  No Endangered Species Act claim has yet been brought.  Any such claim may be resolved by the judge assigned to the case if and when it is brought.

The court concludes that The parties have sufficient time to complete adequate discovery and to prepare for trial on the merits on December 14, 2011.  Consolidating the trial on the merits with the hearing on a preliminary injunction best serves the interests of justice and preserves the rights of the parties.

WHEREFORE, the defendants' Motion to Advance Trial and Consolidate Preliminary Injunction Hearing with Trial on the Merits (Dkt. #11) is granted.

DATED this 22nd day of November, 2011.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma